**I AND U, INC., a California Corporation, Plaintiff–Appellant,**

v.

**PUBLISHERS SOLUTIONS INTERNATIONAL, Defendant–Appellee.**

**No. 14–56473**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 8, 2016 Pasadena, California

FILED June 17, 2016

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Accordingly, we deny Hall's requests for oral argument.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Joseph Richard Cruse, Jr., Attorney, Law Offices of Joseph R. Cruse, Jr., Agoura Hills, CA, for Plaintiff–Appellant.

Michael McCarthy, Esquire, Attorney, Mark Schaeffer, Nemecek & Cole, LLP, Sherman Oaks, CA, for Defendant–Appellee.

Before: KOZINSKI, GOULD, and HURWITZ, Circuit Judges.

## MEMORANDUM *

I and U, Inc. ("I&U") appeals a district court order granting a special motion to dismiss filed by Publishers Solutions International ("PSI") under the California anti-SLAPP statute, Cal. Civ. Proc. Code § 425.16, to strike I&U's trade libel claim. We have jurisdiction under 28 U.S.C. § 1291, *see Mindys Cosmetics, Inc. v. Dakar*, 611 F.3d 590, 595 (9th Cir. 2010), and affirm.

**1.** After an investigation revealed what PSI believed to be the submission of fraudulent subscriptions by I&U to PSI's publisher clients, PSI sent I&U a letter demanding, on the clients' behalf, that I&U pay $100,000 to resolve the issue. "Ordinarily, a demand letter sent in anticipation of litigation is a legitimate speech or petitioning activity that is protected under section 425.16." *Malin v. Singer*, 217 Cal. App.4th 1283, 159 Cal.Rptr.3d 292, 299 (2013). PSI's demand included a reservation of the publishers' legal rights, indicating that potential litigation was more than "a mere possibility" and was "contemplated in good faith and under serious consideration." *Rohde v. Wolf*, 154 Cal.App.4th 28, 64 Cal.Rptr.3d 348, 354 (2007) (quoting

---

* This disposition is not appropriate for publication and is not precedent except as provided

*Edwards v. Centex Real Estate Corp.*, 53 Cal.App.4th 15, 61 Cal.Rptr.2d 518, 528 (1997)). PSI's communications were therefore protected under the anti-SLAPP statute as pre-litigation petitioning activity. *Cabral v. Martins*, 177 Cal.App.4th 471, 99 Cal.Rptr.3d 394, 404 (2009).

**2.** California's litigation privilege, Cal. Civ. Code § 47(b), "is not limited to statements made during a trial or other proceedings, but may extend to steps taken prior thereto." *Rusheen v. Cohen*, 37 Cal.4th 1048, 39 Cal.Rptr.3d 516, 128 P.3d 713, 719 (2006). We conclude that PSI's demand letter was protected under the privilege. *See Briggs v. Eden Council for Hope & Opportunity*, 19 Cal.4th 1106, 81 Cal.Rptr.2d 471, 969 P.2d 564, 569 (1999). Thus, I&U cannot establish a likelihood of prevailing on the merits of its trade libel claim, which is premised on PSI's investigation of the publishers' claims and the statements in the demand letter.

**AFFIRMED.**

by Ninth Circuit Rule 36–3.